IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>TOWERSITE SERVICES, LLC,<br><br>Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMAND |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Granville Ritchie, who was adversely affected by such practices. The Plaintiff alleges that while employed with Defendant, Granville Ritchie was subjected to a racially hostile work environment and that Defendant failed to take effective remedial action to end the harassment. As a result of the harassment, Ritchie's working conditions were made so intolerable that he was forced to resign from his position with Defendant.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant ("Towersite Services, LLC") has continuously been a corporation doing business in the State of Georgia and the city of Roswell, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Granville Ritchie filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least January 2008, Defendant engaged in unlawful employment practices at its Roswell, Georgia location, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by:

    (a) subjecting Granville Ritchie to repeated incidents of verbal and physical harassment which resulted in a racially hostile work environment; and by

    (b) constructively discharging Granville Ritchie from his employment with Defendant.

8.  On or around January 28, 2008, Defendant hired Granville Ritchie ("Ritchie") as a tower rigger to perform all aspects of cell phone tower installation, testing, and maintenance. Ritchie was assigned to work with a team headed by Foreman John Matthews ("Matthews"), who is Caucasian.

3

9. During his first assignment and continuing throughout his employment with Defendant, Matthews repeatedly subjected Ritchie to verbal and physical harassment because of his race, African American, including but not limited to, describing to Ritchie how he had killed a black African soldier while he was in the military by "cutting him from belly to neck", and displaying a swastika that was tattooed on his arm. Matthews explained to Ritchie that the swastika symbolized white supremacy.

10. During his employment, Ritchie was also subjected to racial jokes by Matthews wherein African Americans were belittled and insulted.

11. During Ritchie's employment, Matthews made comments about how he "likes killing blacks and Mexicans" adding that he would "just hang them and burn a cross on their homes."

12. During his employment, Ritchie was also subjected to a story by Matthews describing his family's hatred of black people and how the cat owned by his family was named "Nigger."

13. During Ritchie's employment, Matthews referred to him as "boy" and told him that whites "run things".

14. During his employment, because of his race, Ritchie was subjected to intimidating behavior by Matthews, including screaming at Ritchie, and physically

4

touching and threatening him, which reasonably caused Ritchie to be concerned for his physical safety.

15. On several occasions, Ritchie complained to Robin Loughmiller, Defendant's Owner, and Tommy Loughmiller, Defendant's Field Manager, about Matthews' harassment. However, Ritchie was told that Matthews was "the boss and whatever he says goes." They also refused to assign Ritchie to another team that was headed by a different foreman.

16. Because Defendant failed to end the harassment, on or around March 3, 2008, Ritchie was forced to resign from his position with Defendant.

17. The effect of the practices complained of in paragraphs 7-16 above has been to deprive Granville Ritchie of equal employment opportunities and, otherwise, to adversely affect his status as an employee because of his race, African American.

18. The unlawful employment practices complained of in paragraphs 7-16 above were intentional.

19. The unlawful employment practices complained of in paragraphs 7-16 above were done with malice or with reckless indifference to the federally protected rights of Granville Ritchie.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in racial harassment against employees, creating intolerable working conditions the effect of which forces employees to resign their employment and engaging in any other employment practice which discriminates on the basis of race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Granville Ritchie whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Granville Ritchie whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-16 above, including job search expenses, in amounts to be determined at trial.

E. Order Defendant to make Granville Ritchie whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7-16 above, including

6

emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Granville Ritchie punitive damages for its malicious and reckless conduct described in paragraphs 7-16 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

[Jury Trial Demand and Signature Page to Follow]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

9/17/2010
Date

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

Lakisha Duckett
Trial Attorney
Georgia Bar No. 231641
lakisha.duckett@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile: (404) 562-6905

8